MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I respectfully dissent because the record shows that Mr. Sergent had exhausted his administrative remedies before the district court dismissed his complaint. While Mr. Sergent did not specifically call the magistrate judge’s attention to the untimeliness of the prison officials’ response, he did indicate the date on which he filed his grievance, and it is up to the district court to apply the law to the facts. I cannot emphasize enough that prison grievance procedures are law: They are state-made rules and no one, including a prisoner, is required to plead law. Law is for courts to find and apply. Under the law in this case, the time for a response from prison officials had passed, and so Mr. Sergent had fully exhausted the grievance procedure. The prison officials offered no evidence that there were unforeseen circumstances that would have extended the period.
My point is not that Mr. Sergent has been prevented from using the grievance procedure, so Miller v. Norris, 247 F.3d 736 (8th Cir.2001), is beside the point. My point is the opposite: Mr. Sergent used the procedure and exhausted it.
I would therefore reverse the judgment of the district court and remand the case for further proceedings.
A true copy.